MATTHEWS *v.* STATE.*

(Division B.    Dec. 12, 1927.)

[114 So. 816.    No. 26739.]

1. CRIMINAL LAW. *Accomplice's evidence will sustain conviction unless improbable on its face or self-contradictory; credibility of accomplice's evidence, if not unreasonable or contradictory on face, is for jury; jury verdict will not be disturbed merely because accomplice's evidence is contradicted by defendant's witnesses.*

   The evidence of an accomplice is sufficient to sustain a conviction against his codefendant unless such evidence is improbable on its face or self-contradictory. The question of the credibility of such evidence, when not so unreasonable or contradictory on its face, is for the jury, and the jury's verdict will not be disturbed merely because such evidence is contradicted by the witnesses for the defendant.

2. CRIMINAL LAW. *For prosecuting attorney to comment on evidence excluded by court, or to make statement of facts not in evidence, is improper; to present error in prosecuting attorney's comment on excluded evidence or making statement of facts not in evidence, prompt exceptions must be taken; if objection to prosecuting attorney's comment on excluded evidence or to his statements*

   *of facts not in evidence is sustained, there is no cause for re-*
   *versal in absence of motion to discharge jury before verdict.*
   It is improper for a prosecuting attorney to comment on evidence
   excluded by the court, or to make statement of facts not in the
   evidence; but to avail of such objection, exceptions must be
   promptly taken, and, if taken during the trial and the objection
   is sustained and the evidence ruled out, there will be no reversal
   therefor unless the defendant moved to discharge the jury prior
   to its verdict thereon.

3. CRIMINAL LAW.  *Unless defendant again objects to repetition of*
   *statement in argument to which former objection was sustained,*
   *and, if objection is overruled, takes exceptions, conviction will*
   *not be reversed.*
   Where an objection is made to argument and sustained, and sub-
   sequently during the trial the statement is repeated, it is the
   duty of the defendant to again object, and, if the objection is
   overruled, to take exceptions thereto; and if the bill of excep-
   tions failed to show that this was done, judgment will not be re-
   versed because thereof.

   *Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 712, n. 30; p.
714, n. 34; p. 897, n. 87; p. 899, n. 3 New; p. 914, n. 20; p. 915, n. 38
New; p. 919, n. 76; 17CJ, p. 264, n. 89.

APPEAL from circuit court of Jones county, Second dis-
trict.

HON. R. S. HALL, Judge.

Glenn Matthews was convicted of stealing an automo-
bile, and he appeals.   Affirmed.

*F. B. Collins, H. E. J. Ross* and *F. H. Bush,* for appel-
lant.

*J. A. Lauderdale,* Assistant Attorney-General,  for the
state.

ETHRIDGE, J., delivered the opinion of the court.

Glenn Matthews and Horace Eckoff were jointly in-
dicted in the circuit court of the Second judicial district
of Jones county, Miss., at the November term, 1926, on

the charge of stealing a certain automobile, of the value of four hundred dollars, belonging to one J. W. O'Bryant.

A severance was granted on the motion of Eckoff, and the appellant, Matthews, was placed on trial.

On the trial of the appellant, Eckoff was introduced as a witness and testified that he lived in Greene county; that some months before the stealing of the said car Matthews moved from Laurel into his community; that he was desirous of buying a car; that Matthews told him that he knew where a car, of the make stolen, was for sale, and that he could procure it for him; that he went with Matthews to Laurel, making most of the trip at night, and that he was in Laurel two or three nights; that on the morning when he drove the car away from Laurel, Matthews brought him the stolen car in the western part of the city of Laurel, and that he paid him a cash payment on it with the understanding and agreement that he, Eckoff would take the car home and get his father's approval; that if his father approved it, he would give his note for the balance, which proposition was satisfactory to Matthews; that he carried the car home in the daylight, not knowing that it was stolen, placed it in front of his father's house by the roadside; and that there was no change of the numbers on the car, and no effort to conceal it.

It appears that the car was stolen about ten or ten-thirty at night, in the city of Laurel; that the officers looked for the car and tried to find some trace of it, but did not suspect the appellant or Eckoff in connection with this theft; that the appellant approached one of the officers and asked if there was any reward for the car if found, and stated that if there was anything in it for him, he would locate the car for them. The proof shows that the officers told the appellant that they did not know whether there was a reward to be had or not, but that if he would tell them where the car was, they would try to see what they could do for him in that regard. The ap-

pellant told the officers that the car was at the home of
Eckoff, in Greene county, giving them directions how
to proceed to the place and find the car. The officers,
acting upon this information, went to the said place in
Greene county, found the car in front of the house where
Eckoff lived with his father, and took the number and
other *indicia* to identify it. The car had not been tam-
pered with in any respect. It was in the open, beside the
road, where it could· be seen. Upon being interviewed,
Eckoff told the officers, with no effort to conceal any-
thing, how he came in possession of the car.

Subsequently Eckoff went before the grand jury. He
was warned before making his statement that he would
be given no immunity, and that anything he stated to
them would be used against him. He waived immunity,
testifying that he received the car from the appellant.
They were both indicted for grand larceny. Process was
placed in the hands of the officer for the arrest of appel-
lant, and when the officer attempted to do so, the ap-
pellant ran from him. Subsequently, however, he was
apprehended.

Eckoff ˙was introduced on the trial, as above stated,
and was again told that he would be given no immunity
if he testified in the case. Notwithstanding this, he pro-
ceeded to testify, as above stated.

The appellant, Matthews, defendant herein, undertook
to prove an *alibi,* and introduced several witnesses to
prove that on the night of the theft of the car some of
them were with him during all the hours of the night
until long after the car had been stolen. He undertook
to explain why he ran from the officer attempting to ar-
rest him upon the indictment returned against him by
saying that he thought the officer was trying to arrest
him for having possession of whisky.

On the cross-examination of the appellant, he was asked
as to his conviction for other crimes, and he admitted
a large number of them. It appears from the evidence
that no objection was interposed by the appellant to the

prosecuting witness' testimony that he had never been in any other trouble, that he was under twenty-one years of age, and that his father had indorsed for him at a bank in Greene county for sixty dollars, of which amount he paid the appellant fifty dollars as a payment on the car.

It is argued that the evidence is insufficient to convict the appellant, because the only testimony connecting him with the theft of the automobile is that of Eckoff, who was indicted jointly with the appellant, and, therefore, an accomplice, whose testimony was insufficient to overcome the proof of *alibi* by the defendant. It is admitted that ordinarily the unsupported testimony of an accomplice is sufficient to sustain a conviction, but it is argued that there were three disinterested witnesses who tesified to an *alibi* for the defendant, and that the testimony of the state's witnesses was not sufficient to sustain a conviction in view of their testimony.

Looking at all the evidence in the record, and viewing the trial as a completed one, we think the evidence for the state is sufficient to sustain a conviction. Numerous circumstances more than tend to show that the defendant's *alibi* may not be true. It was a question for the jury to decide, and the proof for the defendant is not so strong and conclusive in its nature as to warrant an interference with the jury's finding.

Exception was also taken to an argument of the district attorney. The bill of exceptions recites that during his final argument he said:

"It is easy to see that the real mission of this defendant while coming to Laurel was that he had a carload of whisky and was looking for a market.

"The defendant's attorney objected to this line of argument because the court had ruled out this testimony during the progress of the case as incompetent, irrelevant, and immaterial.

"The court sustained the objection, and the district attorney again made the same remarks.

"To all of which the defendant did then object, now objects, and will forever object, and prays to be granted this, his special bill of exceptions."

It will be noted from the bill of exceptions that it did not say at what stage of the argument the district attorney repeated the remarks, nor that objection was made to the remarks, when again repeated, or that there was any ruling of the court with reference thereto. It was improper, of course, for the district attorney to make this statement while the defendant was being tried for theft, and, if it was repeated in the hearing of the court, the court should have asserted its authority and vindicated its ruling. It does not appear that the defendant when the court sustained the ruling moved to discharge the jury because of such remarks.

It will be further noted that the defendant himself, upon the witness stand, explained his flight from the sheriff attempting to arrest him upon the theory that he thought the sheriff was trying to arrest him on account of a violation of the liquor law. In matters of argument, it is especially important that objections be promptly taken and the court's attention directed to the violation of the rules of argument, and such exceptions timely taken. It is hard to believe that the court would reprove the district attorney for making an argument and immediately permit him to remake the same statement. In such case, the court would, we assume, act promptly and apply the proper remedy for the violation of the ruling. If the remark was repeated at a later state of the trial, counsel should promptly call the attention of the court thereto and ask for a prompt ruling. It is not, however, every argument that is improper that will cause a reversal of a case. Before this court will reverse the ruling of the trial court, it must appear that the argument was well calculated to influence the verdict of the jury, and the court was in default in exercising its duty of superintending the trial so as to prevent injus-

tice to any litigant whose rights are involved in such trial.

On the record before us, we do not think the judgment of the lower court should be reversed because of these improper remarks. The judgment will therefore be affirmed.

*Affirmed.*