## GATES *v.* STATE.

(Division B. June 8, 1931.)

[135 So. 189. No. 29427.]

Collins & Collins, of Laurel, for appellant.

E. B. Ethridge, Special Agent, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

Ernest Gates, the appellant, was jointly indicated with one Red Seals and Charlie Collins for the burglary of a camp car occupied by one H. W. Ekes for the storage of food and supplies for the running of a camp car crew. There was a severance, and the appellant tried separately. The proof showed that the camp car was broken into and certain foodstuffs, meat, and other things taken therefrom. The principal witness against the appellant as to the actual breaking and entering was Red Seals who had already been convicted at the time of this trial of the offense and was serving a term in the state penitentiary. According to the testimony of this witness the appellant, Seals, and Collins all agreed to break into the car on the occasion in question at a time when the cooks, who were actively in charge and had keys to the car, were away. Seals testified that he went down to where the cars were located to see when the cooks in charge left, and that, when they took the train for their homes on the Saturday night in question, he went back to where Gates and Collins were and reported that they were gone and everything was clear; that thereupon they went down to the car and Gates and Collins broke into it while he (Seals) watched for persons who might possibly pass that way, and that they took the meat in

question to Gates' premises and there sold some of it to others. The testimony of Seals is corrborated by testimony of finding the meat at Gates' premises, and that he pointed out to officers where it was.

There was a motion for a continuance on account of the absence of the witness Will Embry, but the motion was not followed up by a showing of proceedings subsequent to the trial on a motion for a new trial what the witness would testify if in court, as held in previous cases to be required of an applicant in such cases. In other words, there was no production of the witness on a motion for a new trial nor any affidavit by him as to what he would testify, as required in Ware v. State, 133 Miss. 837, 98 So. 229; Cox v. State, 138 Miss. 370, 103 So. 129; Lamar v. State, 63 Miss. 265.

The proof is ample to sustain the conviction. The law does not require the testimony of an accomplice to be corroborated, but, if it did, there was ample corroboration to support the testimony of this witness by testimony of finding the property in his possession, and his statements and acts in pointing out the property.

It is next contended that the court erred in giving the state the following instruction: "The court instructs the jury for the state that if you believe beyond a reasonable doubt from the evidence in this case that the defendant, Ernest Gates, in May, 1930, in the First Judicial district of Jones county, state of Mississippi, a certain camp car, Southern B-6565, the property of the New Orleans and Northeastern Railroad Company, a corporation, the same being then and there used and occupied by one H. W. Ekes in which said camp car there was goods, wares and merchandise to-wit: bacon, butter and other merchandise kept for use and deposit, feloniously and burglariously forcibly bursting and breaking an outer door of said camp car with intent the goods and chattels in said camp car then and there being and then and there being kept for use and deposit, then and there

feloniously, unlawfully and burglariously to take, steal and carry away; and then and there in said camp car five sides of bacon meat of the value of seventeen dollars and fifty cents, twelve pounds of butter of the value of six dollars of the aggregate value of twenty-two dollars and fifteen cents of the property of H. W. Ekes in said camp car then and there being and then and there being kept for use and deposit then and there feloniously and burglariously did take, steal and carry away as charged in the indictment then it is your sworn duty to find the defendant guilty as charged in the indictment.'' It is claimed that this instruction is erroneous because it does not charge the jury that the defendant must feloniously, unlawfully, and burglariously burst and break open the said camp car before he would be guilty of burglary; that there is no verb in the instruction and nothing to charge the jury that they must believe beyond a reasonable doubt that he did burst into the said camp car and feloniously enter it; and that there are no such words in said instruction to inform the jury that it was necessary for him to enter the said camp car before he would be guilty. The instruction is subject to criticism from a grammatical and rhetorical standpoint. However, we think that reading the instruction as an entirety and in connection with other instructions the jury were informed that it was necessary for the car to have been broken into to constitute the crime. It will be much better for counsel, in procuring instructions, to be careful in stating the hypothesis directly and positively rather than by way of recital, but, if a reading of the whole instruction conveys the hypothesis that constitutes the offense, so that the jury would not be mistaken or misled thereby, the court will not reverse, although the instruction is not written in direct and apt form.

We find no reversible error in the case and the judgment is affirmed.

Affirmed.