BOUTWELL *v.* STATE.

(Division B. Oct. 10, 1932. Suggestion of Error Overruled Nov. 7, 1932.)

[144 So. 479. No. 30271.]

Reily & Parker, of Meridian, for appellant.

20

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **Marion Reily,** for appellant, and by **W. D. Conn, Jr.,** for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit

court of Clarke county of the crime of robbery, and sentenced to the penitentiary for a term of ten years. From, that judgment he prosecutes this appeal.

Appellant was indicted jointly with J. H. Jenkins, M. A. Evans, and J. W. Boutwell on a charge of robbing the Stonewall Cotton Mill of three thousand eight hundred eighty dollars. Appellant was granted a severance, and tried apart from the others.

On the 15th of January, 1931, the Stonewall Cotton Mill was robbed of the sum of three thousand eight hundred eighty dollars. The evidence shows that fact without conflict. J. H. Jenkins and M. A. Evans testified for the state. The evidence showed that Evans committed the overt act of the actual robbery, that J. W. Boutwell was present, and that J. H. Jenkins was nearby in an automobile awaiting the commission of the robbery by Evans for the purpose of taking the latter and the fruits of the robbery away from the scene. Both Evans and Jenkins testified to those facts. They testified further that the robbery was suggested and planned by the appellant, and that he shared in its fruits to the extent of one-fourth of the three thousand eight hundred eighty dollars. Besides the evidence of the two accomplices, Evans and Jenkins, there were other material facts and circumstances in evidence supporting the state's theory that appellant suggested and planned the robbery and shared in its fruits, and that Evans and Jenkins and appellant's brother, J. W. Boutwell, were mere instruments in his hands to commit the crime.

Appellant assigns and argues as error the action of the court in refusing to direct a verdict in his favor on the ground that the evidence was insufficient to sustain a conviction. To sustain that contention appellant relies on Abele v. State, 138 Miss. 772, 103 So. 370; Matthews v. State, 148 Miss. 696, 114 So. 816; and 1 R. C. L., p. 170, par. 17. It was held in the Abele Case that ordinarily a conviction may be had upon the uncorroborated testimony of an accomplice, but, where the accomplice

is the sole witness connecting the defendant with the crime, and where his veracity is shown by strong evidence to be bad, and where the defendant's reputation for honesty and integrity and truth and veracity is satisfactorily proved to be good, and where an alibi is proved by a disinterested witness, a conviction on the unsupported testimony of the accomplice will not be upheld. In the Matthews case the court held that the evidence of an accomplice was sufficient to sustain a conviction against his co-defendant, unless such evidence was so self-contradictory and improbable on its face as to be unbelievable, and the jury's verdict would not be disturbed merely because such evidence was contradicted by witnesses for the defendant.

In 1 R. C. L., par. 13, p. 166, it is stated that under the common law it is well settled that the testimony of an accomplice, although entirely without corroboration, will support a verdict of conviction of one accused of crime, and that this is still the law in the absence of a statute to the contrary. (The common-law rule obtains in this state.) In paragraph 15, p. 169, there is a discussion of the character and extent of the corroboratory evidence necessary to satisfy the requirements of the statutes of those jurisdictions requiring corroboration; and then in paragraph 17, p. 170, the one relied on and copied in appellant's brief, it is stated that the confirmation required to give the testimony of an accomplice the necessary weight should come from an unimpeached source, and that the evidence of one accomplice is insufficient for the purpose of corroborating another; that the reason of this rule is that each is contaminated by the turpitude of the same guilt, and the same infirmity therefore attaches alike to the testimony of both. It seems manifest that the author was undertaking to state what corroboration was necessary in those states having statutes requiring corroboration. Evidently he was not referring to common-law rule, because in paragraph 13 he had already stated it was well settled that the testimony of

an accomplice under the common law, although entirely without corroboration, would support a conviction.

In Pruitt v. State, 139 So. 861, our court stated the rule to be that the evidence on behalf of the state must be most favorably considered in determining whether or not there shall be a reversal, because the conviction stands merely upon the evidence of a confessed accomplice who was the main agent in the accomplishment of the crime charged, and that it had been settled in this state by a long line of decisions "beyond peradventure" that the testimony of an accomplice alone uncorroborated was sufficient to sustain a verdict of guilty—citing Keithler v. State, 10 Smedes & M. 192; Dick v. State, 30 Miss. 593; Strawhern v. State, 37 Miss. 422; George v. State, 39 Miss. 570; Fitzcox v. State, 52 Miss. 923; White v. State, 52 Miss. 216; Wilson v. State, 71 Miss. 880, 16 So. 304; Matthews v. State, 148 Miss. 696, 114 So. 816; Gates v. State, 160 Miss. 479, 135 So. 189.

As above stated, the testimony of the two accomplices, Evans and Jenkins, if corroboration were necessary, was corroborated by numerous facts and circumstances. The evidence tended to show that the appellant was the master of the whole scheme of robbery, and that his brother and Evans and Jenkins were mere tools in his hands to carry out such scheme, and that appellant retained one-half of the fruits of the robbery, one-fourth for himself, and one-fourth for his brother.

Appellant assigns and argues as error the refusal by the court of the following instructions: "The court instructs the jury for the defendant that if the jury believe from the evidence in this case that the witness Evans has been successfully impeached by trustworthy testimony upon vital and material testimony then in that event the jury cannot convict the defendant upon the testimony of the witness Evans."

"The court instructs the jury for the defendant that if the jury believe from the testimony in this case that

the witness Jenkins has been successfully impeached by trustworthy evidence upon vital and material matters in this case then the jury cannot convict the defendant upon the testimony of the witness Jenkins.''

There was no error in refusing these instructions, for two reasons: First, because each of them singles out the testimony of a particular witness, and tells the jury that, if he has been successfully impeached upon a vital issue in the case, then the jury must disregard his testimony entirely; second, if there were no errors in the instructions, their refusal by the court was harmless to appellant, for the court instructed the jury at appellant's request that the law looked with suspicion and distrust on the testimony of an accomplice, and required the jury to weigh the same with great care and caution, and, in this case, that Evans and Jenkins were accomplices, and, in passing on what weight, if any, they would give their testimony, they should weigh it with great care and caution, and look upon it with distrust and suspicion.

On a search by the officers of appellant's home and premises, there was found under his residence a package containing something over one thousand six hundred dollars, which the state claimed was a part of the fruits of the robbery. This search was made on an affidavit and search-warrant issued by an authorized officer. On the trial, the search warrant was introduced in evidence, but the affidavit for the search was not. Appellant contends that the evidence obtained by the search should not have been admitted for two reasons: (1) Because the affidavit for the search warrant was not introduced in evidence, and (2) because the search warrant failed to sufficiently describe the money of which the Stonewall Cotton Mill was robbed. The state contends that whatever merit there may be in appellant's contention, it was not raised in the court below, and therefore cannot be considered on appeal.

W. Z. West, sheriff of Clarke county, testified as a witness for the state. He was one of the officers who made the search of appellant's home and premises and found the package of money containing something over one thousand six hundred dollars. He testified that, when the search was made, they had a search warrant and served it on appellant's wife; appellant not being in his home. While the witness was testifying, he had in his hands the affidavit for the search warrant and the search warrant. Appellant cross-examined the witness. At the conclusion of the cross-examination, appellant's attorney interposed the following objection to the testimony of the witness: "Because the affidavit does not show whose property it was that was believed to be upon the property of B. A. Boutwell." The objection was overruled by the court, to which action of the court appellant excepted. If appellant had made an objection to the evidence of the search because the affidavit and search warrant had not been introduced, his objection would have been well founded and should have been sustained by the court, but, instead of doing that, he objected to the affidavit alone on the specific ground that it failed to show whose property was to be searched for. When the search warrant was introduced, appellant made no objection whatever. Now appellant contends on appeal for the first time that the evidence obtained by the search should have been ruled out because the affidavit for the search warrant was not introduced, and the search warrant itself did not comply with the law, because the money to be searched for was not sufficiently described. It is too late to raise these questions. Appellant had full opportunity of raising them in the court below, and failed to do so. He chose on the trial to object alone to the evidence on the specific ground that the affidavit failed to show whose property was to be searched for, not on the ground that the affidavit was not introduced in evidence. Questions will not be decided

on appeal which were not presented to the trial court and that court given an opportunity to rule on them. In other words, the trial court cannot be put in error, unless it has had an opportunity of committing error. Pruitt v. State (Miss.), 139 So. 861; Jackson v. State (Miss.), 140 So. 683, and authorities cited in those cases; Pickle v. State, 151 Miss. 549, 118 So. 625.

Appellant assigns and argues as error the giving of the following instruction for the state: ''The court charges the jury for the state that if you believe from the evidence beyond a reasonable doubt that the robbery of the Stonewall Bank payroll was committed by Evans on the witness Oliver at a time when J. W. Boutwell was present in assisting the said Oliver in delivering the said payroll to its proper destination and that the defendant B. A. Boutwell encouraged, aided and abetted in the same and shared in the fruit of said robbery, if you believe said robbery was committed, then you are charged that under the law, the defendant herein was an accomplice and as such an accomplice, is just as guilty under the law as the man Evans or Jenkins, and this is true although you may further believe from the evidence that the defendant B. A. Boutwell was not present at the time and at the place of the robbery.''

Appellant contends that by the instruction the court peremptorily charged the jury that the Stonewall Cotton Mill had been robbed of its pay roll. Concede that it does; there was no error in the instruction for that reason, because the robbery was entirely undisputed. It was not an issue of fact at all. Appellant contends further that the instruction was calculated to confuse the jury, principally because of the use of the words ''the same.'' We do not think there is any merit in this contention. ''The same'' clearly refers to the completed crime.

Appellant assigns and argues as error the giving of the following instruction: ''You are charged for the state, that in establishing a conspiracy, the state is never

required to prove in express terms an agreement between the parties to commit the crime, but it is sufficient when the evidence reveals, from all the facts and circumstances, together with the acts of the parties, a common design or understood purpose between the parties to commit the crime, and you are further charged that you have a right under the law to consider all of the testimony in this case which tends, either directly or indirectly, to prove or disprove the theory of the state that a conspiracy to rob the Bank of Stonewall Payroll was concocted or had by and between the defendant and M. A. Evans, Hobart Jenkins and J. W. Boutwell, or any one, or all of them.''

Appellant contends that the instruction is erroneous, because it tells the jury that the state is never required to prove in express terms an agreement. He argues that ''this seems to be directed to the recognition of the weakness of sufficient proof rather than the definiteness of the terms of the agreement.'' We do not think there is any merit in this contention. The next criticism of the instruction is the word ''reveals''—''that it does not mean the same as proof beyond a reasonable doubt.'' There is no merit in this criticism of the instruction. This court has held time and again that all the instructions given in a case should be read into each other so as to make one consistent statement of the applicable law of the case, and one instruction cannot be isolated from the others and its merits determined in that way, and that when, considering all the instructions together, the governing principles of law are properly set out, there is no error.

In the instructions in this case for the state the court told the jury time and again that the guilt of appellant had to be proven beyond a reasonable doubt and to a moral certainty; therefore, when the court used, in this particular instruction, the word ''reveals,'' the jury must have understood that the court meant that the guilt of the

defendant had to be revealed from the evidence beyond all reasonable doubt.

Appellant assigns and argues as error the action of the court in refusing the following instruction: "The court instructs the jury for the defendant that reasonable doubt means that uncertain condition of mind which may remain after considering what has not, as well as what has been proved in this case. And if the jury, from all testimony in this case and the lack of testimony, has a reasonable doubt in their mind as to the guilt of the defendant, then it is your sworn duty to acquit this defendant."

There was no error in refusing this instruction. The court had correctly and fully instructed the jury to acquit appellant, unless his guilt had been proved beyond every reasonable doubt arising from the evidence or the want of it. Reversible error was not committed by refusing this instruction. Runnels v. State, 96 Miss. 92, 50 So. 499. Reasonable doubt defines itself; it therefore needs no definition by the court.

We do not think the other questions argued have sufficient merit to call for a discussion by the court.

Affirmed.