GOLDEN *v.* STATE.

(Division B.    Nov. 7, 1938.)

[184 So. 324.    No. 33334.]

J. F. Dean, of Senatobia, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**McGehee, J.,** delivered the opinion of the court.

Joe Golden was indicted, under two separate bills, for receiving one stolen cow on one occasion and two stolen cows on another occasion, knowing, or having good reason to believe, them to have been recently stolen. He was tried and convicted under the indictment charging that he so received the two cows. Upon the trial the State introduced evidence of the crime alleged in the indictment as to the one cow as well as the crime charged as to the two cows, upon the theory that since all of the cows were purchased by him from the same self-confessed thief, under similar circumstances, and for a wholly inadequate price, the facts of the first instance had a bearing on, and tended to establish, the element of guilty knowledge in the second instance. The admission of this evidence is assigned as error. Under the rule announced in the cases of Raines v. State, 81 Miss. 489, 33 So. 19; Dabney v. State, 82 Miss. 252, 33 So. 973; and Collier v. State, 106 Miss. 613, 64 So. 373, we think the evidence was competent, for the testimony on behalf of the State showed the cow mentioned in the first indictment was worth more than $25 and had been purchased by the appellant, about a week before the purchase of the other two, for the sum of $10 at a time when she was

tied out in "a little skirt of woods" or "thicket;" that he purchased the other two under similar circumstances, and for $11 each, after which he sold the three of them, almost immediately, for the sum of $71.

The testimony on which the conviction was obtained does not come within the condemnation of the rule announced as to the statements of a self-confessed accomplice in the case of Creed v. State, 179 Miss. 700, 176 So. 596, and other cases therein cited, but rather the conviction may be sustained under the decisions of Matthews v. State, 148 Miss. 696, 114 So. 816; Boutwell v. State, 165 Miss. 16, 143 So. 479; and Duke v. State, 175 Miss. 743, 166 So. 919.

We are of the opinion that no reversible error was committed on the trial in the court below.

Affirmed.