LARRY v. STATE.

Division A.    May 7, 1951.

No. 37975 (52 So. (2d) 292)

564

Truly & Truly, for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

**Lee, J.**

Ed Larry was indicted for the larceny of a cow and calf belonging to one Guy Kelly. The jury found him guilty, and the court sentenced him to serve a term of four years in the state penitentiary. From the judgment entered thereon, he appeals.

Kelly saw the cattle in his pasture on April 14, 1949. When he returned to the pasture on May 6th following, they were gone. He made some investigation, and conferred with the sheriff, but without avail. Nearly a year later, Cleveland Shorter and Willie Stevens were arrested on another charge, and in the course of that investigation they admitted participation with the appellant in the larceny here in question. Thereupon this prosecution was instituted.

To establish the crime, the State showed a description of the cattle, their disappearance and the mashing down of the pasture fence. Cleveland Shorter and Willie Stev-

ens, who had plead guilty, were used as witnesses for the State. Their testimony was to this effect: They mashed the fence down and drove the cow and calf out of the pasture. Appellant then came along in a truck. All three loaded the cattle. It was then about sundown. Shorter went home, and appellant and Stevens drove the truck a short distance, about 50 yards off of the road, into the woods. They remained at this point until 3 or 4 o'clock the next morning. They then drove to Port Gibson, where the cattle were sold. Stevens received $20 and on the following Sunday, he gave Shorter $10. Stevens testified that he made the arrangement earlier in the day with the appellant to haul the cattle away, though he admitted on cross-examination that he had previously said that appellant did not know, at the time the cattle were loaded, that they had been stolen. Shorter testified that appellant knew, at the time of loading, that the cattle had been stolen, and that it was a subject of conversation. Stevens pointed out to Kelly and the sheriff the place where the truck was parked during the night. They testified that the tracks still appeared, and that the bushes and small saplings were still bent and had scars on them. This indicated that they had been run over by the truck.

The appellant denied any connection whatever with the larceny. Besides, he offered evidence of an alibi. However, in several particulars, this evidence was weak; and on that account, we can readily see that it did not raise in the minds of the jury a reasonable doubt as to his guilt. Several witnesses also testified to the appellant's good reputation.

The evidence thus presented a clear issue of fact as to the guilt or innocence of the appellant, and such issue was resolved against him. ■■ It is elemental that this Court will not set aside the verdict of a jury when it is supported by substantial evidence.

It is well settled in our State that ■■ an accused may be convicted upon the uncorroborated testimony of

an accomplice, if such testimony is reasonable. Lifer v. State, 189 Miss. 754, 199 So. 107; Boutwell v. State, 165 Miss. 16, 143 So. 479; Matthews v. State, 148 Miss. 696, 114 So. 816.

In the case of Gates v. State, 160 Miss. 479, 135 So. 189, the principal witness for the State had already been convicted and was serving a term in the penitentiary. His only corroboration was in pointing out to the officers some of the meat at Gates' premises. Here, there were two accomplices and corroboration as to the parking of the truck over night.

It follows that the motions both for a directed verdict and for a new trial were properly overruled.

But it is contended by the appellant that there was a variance between the allegations of the indictment and the proof, and that the description was developed only by the allowance of leading questions. The indictment gave the description of the cattle with considerable particularity. The owner's description was practically identical with that in the indictment. It is true that the district attorney asked Shorter a number of leading questions in an effort to describe the cow and calf which, he testified, were stolen. Besides, the district attorney then read the description in the indictment, and asked if those were the cattle taken. Appellant objected and such objection ought to have been sustained.

In Mississippi Utilities Co. v. Smith, 166 Miss. 105, 145 So. 896, 898, it was said: "Matters, such as the introduction of proof, the asking of leading questions, etc., are largely within the discretion of the trial court." But in Summerville v. State, 207 Miss. 54, 41 So. (2d) 377, this Court held that the allowance of leading questions by the trial court is reviewable. However, the trouble here is that, when appellant cross examined this witness, he went at great length into the matter of description. This witness, under relentless prodding, and without aid, gave a full and complete description of the cow and calf— much more definite and certain than in his direct testi-

mony. In review of this action of the trial court, we are, therefore, unable to see how the appellant was harmed.

Objection is also made about two clauses in an instruction for the State: (1) ". . . if you believe from the evidence herewith . . .", and (2) ". . . did on or about the last of the month of April or the first part of the month of May, 1949, . . ."

■■ As to (1) above, only two exhibits were offered, and these were by the appellant. If the word "herewith" had any significance, it should have been of benefit not injury to the appellant. Besides, the appellant obtained three instructions requiring the jury to consider "all the evidence" in the case.

As to (2) above, ■■ there was proof by Kelly that the cattle disappeared between April 14th and May 6th. By Shorter, the time was fixed at "along in April". Stevens said, "along about the tenth or twelfth of April, somewhere along there." No witness could fix the exact time. Hence, there was no error in this instruction.

Affirmed.