KELLY *v.* STATE.

No. 39388          December 6, 1954          76 So. 2d 244

*Cephus Anderson,* Hattiesburg, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellant was jointly indicted with George Welch and W. D. McKenzie in the Circuit Court of Forrest County on a charge of burglary. He was granted a severance and was tried separately. His trial resulted in his conviction and a sentence of one year in the state penitentiary, and he appeals.

The State clearly established by uncontradicted evidence that on the night of September 21 or the early morning of September 22, 1953, the storehouse of J. O. Barron, Jr., doing business as Barron Brothers, near Dixie Pine in Forrest County, Mississippi, was burglarized and there was stolen therefrom the sum of $374.28 in cash and approximately $1,900 in checks. The money and checks were in separate metal boxes in what is referred to as the vault.

Otho Slade, a youth 16 years of age, and George Welch, 23 years of age, two of appellant's accomplices in the crime, appeared as witnesses for the State. They testified that on the night of the burglary, they and the appellant and W. D. McKenzie had been riding about in an automobile; that they were drinking; that later in the night they decided to rob a service station; that Otho Slade went by his house and obtained a rifle, which he placed in the car intending to use it if necessary in robbing the service station; that later they decided to rob the place of business of Barron Brothers and proceeded there for that purpose; that McKenzie and Welch remained on the outside in the car to watch; that Slade and the appellant entered the building by breaking a window glass and tearing away the screen, and then broke the vault door and obtained the two metal boxes containing the money and the checks; that later they divided the money; that Slade and Welch each got $10 of the money; that Slade tore up the checks and threw the torn checks and the empty boxes in a culvert; that they later showed the investigating officers where they had thrown the torn checks and boxes.

Investigating officers testified for the State that they found one of the metal boxes near the place where Slade said they had been thrown, and this box was identified and introduced in evidence. The officers further testified that conditions at the scene indicated that high water had washed away the torn pieces of the checks and the other box.

The appellant, testifying in his own behalf, admitted that he was with Welch, Slade, and McKenzie on the night in question, and that they were riding about together in an automobile and drinking. He denied, however, any participation in the burglary, and claimed that he left the party at Roy Lee's Drive-In, and there went to bed and spent the night. The appellant sought to impeach the testimony of Slade by two witnesses, James Brock and Buddy Williams, who testified that when pass-

ing the Forrest County jail; Slade called to them from the jail where he was incarcerated and asked them to tell the appellant that if he would send some money to him, he would not testify against him.

Appellant's sole argument on this appeal is directed to the proposition that the court erred in denying his request for a peremptory instruction for the reason that the testimony of the two accomplices, Slade and Welch, is to be viewed with caution and suspicion, and that the same is contradicted by other witnesses and the circumstances, and is therefore insufficient to support the conviction. We think this contention is untenable. In the first place, this Court has repeatedly held that an accused may be convicted on the uncorroborated testimony of an accomplice if such testimony is reasonable. Lifer v. State, 189 Miss. 754, 199 So. 107; Boutwell v. State, 165 Miss. 16, 143 So. 479; Matthews v. State, 148 Miss. 696, 114 So. 816; Larry v. State, 211 Miss. 563, 52 So. 2d 292; Young v. State, 212 Miss. 460, 54 So. 2d 671.

We find nothing unreasonable in the testimony of the accomplices, and such contradictions thereof as the appellant sought to show merely served to create an issue of fact for the jury on the question of the guilt or innocence of the appellant. In the next place, the testimony of the accomplices is not uncorroborated. It is corroborated by the admission of the appellant that he was with Slade, Welch and McKenzie on the night in question, and was riding around in an automobile with them and drinking, and is further corroborated by the testimony of the investigating officers that Slade and Welch pointed out to them this place where the boxes had been discarded, and that one of the boxes was found at or near such place. In the case of Gates v. State, 160 Miss. 479, 135 So. 189, a conviction was upheld where the principal witness for the state was an accomplice who had been convicted and was serving a term in the penitentiary, and his only corroboration was testimony

that the stolen meat was found at the place pointed out by him to the officers.

After a careful consideration of the entire testimony, we are of the opinion that it created an issue of fact for the jury and that there is ample evidence to support the conviction. The judgment of conviction is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington,* and *Ethridge, JJ.,* concur.