278 So.2d 398 (1973)
Perry Lee LATIKER
v.
STATE of Mississippi.
No. 47354.
Supreme Court of Mississippi.
May 29, 1973.
Barrett, Barrett & Barrett, Lexington, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Sp. Asst. Atty. Gen., Jackson, for appellee.
WALKER, Justice:
This is an appeal from the Circuit Court of Holmes County where the appellant was indicted for murder, convicted of manslaughter by culpable negligence and sentenced to eight years in the penitentiary.
The evidence in this case at best was skimpy and revealed that appellant Latiker and several other men were engaged in idle conversation in the shade of a fir tree when the subject of guns came up. The appellant, when asked if he had a gun in his truck, replied in the affirmative and was told that he had better get the gun out of the truck because if the law should come up and search it, he would have to pay a fine. Whereupon he went to the truck, retrieved the gun therefrom and stuck it in his pocket. He testified that he thought the gun was unloaded. Upon returning to the group under the fir tree, the deceased, Joe Bates, remarked to appellant that "I got a gun will shoot the handle off the thing you got." The deceased asked to see appellant's gun and he maintains that as he pulled the pistol from his pocket, it went off, the bullet striking the deceased in the head above and behind the right ear, killing him instantly. Appellant offered to carry the deceased to the hospital but was told not to move him. Latiker then got in his car and left and thereafter turned himself in two days later to the sheriff. All of the witnesses testified that the appellant and deceased were longtime friends, that there was no animosity or "bad blood" between them and that they knew of no reason why the appellant would want to shoot the deceased. When appellant was asked if he had any reason to believe before he pulled the gun out of his pocket that it was likely to go off, he replied, "No, I didn't think it would, but it have went off with me once before." None of the witnesses for the State saw this fatal shot and none could shed any light on how it happened.
The appellant assigns three grounds for reversal. However, it is only necessary that we reach the first; namely, that there was no substantial evidence upon which to support a manslaughter by culpable negligence conviction. In Jolly v. State, 269 So.2d 650, 652-653 (Miss. 1972), where numerous cases are cited, we said:

*399 The necessity for imparting to the jury a clear and full understanding of the words "culpable negligence" has been clearly expressed by this Court since Justice McGehee, in his opinion in Smith v. State, 197 Miss. 802, 20 So.2d 701 (1945), stated:
"... [W]e are here strengthening the requirements for a proper definition of culpable negligence, as compared with that heretofore given in our decisions. * * * In other words, culpable negligence should be defined as the conscious and wanton or reckless disregard of the probabilities of fatal consequence to others as a result of the wilful creation of an unreasonable risk thereof." (Emphasis added.) 197 Miss. at 816-817, 20 So.2d at 705.
The importance of clearly and precisely defining "culpable negligence" is underscored in a long line of Mississippi cases following the Smith decision. Those cases held that it was reversible error to instruct the jury that "culpable negligence" could be equated with "gross negligence" or "simple negligence". Thus, this Court has repeatedly demanded that a jury be instructed that "culpable negligence" means nothing less than
"`... [A] negligence of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life, and that this shall be so clearly evidenced as to place it beyond every reasonable doubt.'" Sullivan v. State, 213 Miss. 14 at 24, 56 So.2d 93 at 98 (1952).
......
Therefore, to summarize, "Instructions to the jury should embody hypothes(e)s constituting the offense or elements of the offense directly and positively .. ." Gates v. State, 160 Miss. 479, 480, 135 So. 189 (1931). To fail to adequately instruct the jury on the definition of terms bearing directly on the nature of the offense would be tantamount to leaving "... the jury without a standard of lawfulness or unlawfulness with which to assess the acts of the appellant." Walsingham v. State, 250 So.2d 857, 859 (Fla. 1971).
In Gant v. State, 244 So.2d 18, 19 (Miss. 1971), the Court observed that:
* * * "Experience has shown that under that statute (the culpable negligence statute) juries are overinclined to convict on proof of what is in fact no more than simple negligence, and as a result there have been more reversals in this class of cases than perhaps in any other that comes before us." * * *
As we have stated above, the evidence in this case is skimpy as none of the witnesses actually saw the firing of the fatal shot. The appellant and the deceased were longtime friends. There was no motive shown for the killing. There was no testimony of horseplay with the pistol, drunken brawling or any other reckless conduct that could be interpreted to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life. The testimony of appellant is not unreasonable and is not contradicted by any of the physical evidence or the testimony of the witnesses. Therefore, we have concluded that the evidence presented shows, at most, an act of simple negligence which resulted in the unfortunate death of the deceased.
The judgment of the lower court is reversed and the appellant discharged.
Reversed and appellant discharged.
GILLESPIE, C.J., and INZER, SUGG and BROOM, JJ., concur.