375 So.2d 1039 (1979)
William Arnold BUTLER
v.
STATE of Mississippi.
No. 51450.
Supreme Court of Mississippi.
October 10, 1979.
Rehearing Denied October 31, 1979.
Fielding L. Wright, Jr., James H. Heidelberg, Pascagoula, for appellant.
*1040 A.F. Summer, Atty. Gen., by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
PATTERSON, Chief Justice, for the Court:
William Arnold Butler was convicted of manslaughter and sentenced to twenty years imprisonment by the Circuit Court of Jackson County. The primary issue on appeal is whether the jury verdict was against the overwhelming weight of the evidence.
On the afternoon of March 10, 1978, Butler and his girl friend were driving in the Jackson County area drinking beer. They stopped to visit a friend of Butler whom they discovered to be intoxicated and brandishing a .38-caliber pistol. Butler requested and received permission from his friend to keep the weapon until the next morning.
The drinking continued throughout the evening and into the early hours of the next morning when Butler and his girl friend were joined by Butler's father. Butler desired to go home, but his father insisted they stop at a local tavern operated by Ebenezer Anderson. While inside, Ebenezer approached Butler who had his friend's pistol on his side and asked that he be permitted to keep it while they were within the tavern. Butler permitted Anderson to take the pistol and afterward, several rounds of beer were ordered and consumed during the hour or more they were in the tavern.
Anderson brought the pistol to Butler as they were leaving, and outside the tavern Butler placed it in a holster and tucked it between the seats of his car. Immediately thereafter, according to Butler, his father told him that "they had took a gun away from him in there, which I didn't even know he had a gun ... I told him I would go get the gun. So, I went back in there." Butler retrieved his pistol from the car, kicked the tavern door open and fired a shot into the barroom which was crowded with some fifty to eighty patrons. Butler then lowered the pistol to his side, and placing his thumb on the "hammer" proceeded into the kitchen area of the tavern where Anderson was standing. As he was talking with Anderson, Anderson's son approached and, as Butler turned to face the son, an unidentified male seized Butler from the rear. With this turn of events, the son grasped Butler from the front. A struggle ensued during which the pistol discharged striking Anderson, the father, in the abdominal area.
An ambulance was summoned and Ebenezer Anderson was transported to Singing River Hospital where he was pronounced dead on arrival. Butler was also moved to the hospital where he received eighty-seven stitches in closing cuts to his head, evidently from a broken bottle.
There are numerous cases defining culpable negligence, the sum of them being expressed in Latiker v. State, 278 So.2d 398 (Miss. 1973), which quoted with approval Sullivan v. State, 213 Miss. 14, 56 So.2d 93 (1952), wherein culpable negligence was defined as follows:
"`... [A] negligence of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life, and that this shall be so clearly evidenced as to place it beyond every reasonable doubt.'" Sullivan v. State, 213 Miss. 14 at 24, 56 So.2d 93.
(278 So.2d at 399)
We are of the opinion the evidence overwhelmingly establishes Butler's conduct as being so gross and wanton as to confirm beyond a reasonable doubt his utter indifference to the safety of human life. The first shot was fired into a crowded room barely missing one of the patrons. In this atmosphere, Butler entered the same room, pistol in hand, with the hammer back, exhibited nothing short of foolhardiness, evincing an utter disregard for human safety, including his own. The evidence permits no other conclusion.
*1041 Butler also contends he was prejudiced by testimony concerning his behavior earlier in the evening at another tavern which was too remote to be competent for this offense. We think this assignment is without merit, because Butler testified to the very things that he now complains came from the mouth of a state witness.
He also argues he was prejudiced when a state witness voluntarily testified that he had initially arrested Butler for murder and advised him of his rights. He contends that a mistrial should have been declared at the time. However, an objection to this testimony was promptly sustained and the judge admonished and polled the jury as follows:
BY THE COURT: Ladies and gentlemen of the jury, I instruct you to disregard the statement of this officer to the effect that this man was arrested for murder. He is under indictment for manslaughter. Now, I am going to poll the jury and I am going to ask each one of you if you can put that out of your mind. And as I call your name, you tell me yes or no. THE JURY THEREUPON POLLED AND EACH JUROR ANSWERED, "Yes."
Under this circumstance, we are of the opinion there was no prejudice from this incident blemishing Butler's trial. See Duke v. State, 340 So.2d 727, 731-32 (Miss. 1976).
We conclude the evidence was sufficient to support the jury's verdict and, because there is no prejudicial error revealed in the record, the cause is affirmed.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.