The appellant, Charles Gordon Phillips, was indicted by the grand jury of Lafayette County, Mississippi, on a charge of involuntary manslaughter by culpable negligence.[1] He was tried, convicted and sentenced to serve a term of twelve years in the Mississippi State Penitentiary with six years suspended. From that conviction and sentence, Phillips prosecutes this appeal. We reverse and discharge appellant.
We would first point out that there is not a scintilla of evidence in this record, nor does the state suggest, that Phillips intentionally killed Christina Ann Hegler. To the contrary, the uncontradicted evidence was that the young couple were in love and planned to get married.
On November 22, 1977, the appellant and Miss Hegler were living together in appellant's house in rural Lafayette County, Mississippi. The couple had been cleaning house, it being close to Thanksgiving. About midafternoon, appellant took a break to go deer hunting with a friend. He returned about dark. The couple had supper and resumed cleaning the house. The appellant heard an unusual noise outside, loaded his shotgun and went to investigate. Finding nothing suspicious, he returned and put the shotgun against the wall behind a recliner chair in the living room. Later, while sitting in the recliner, he attempted to unload the gun. Miss Hegler was sitting on the arm of the couch directly in front of the appellant. Appellant had the gun pointed toward the ceiling. As he was unloading the pump gun, he pulled the trigger believing there was no shell in the chamber, but the gun discharged. Misfortune would have it that Miss Hegler, at that moment, stood up into the path of the projectile which struck her in the eye.
Appellant testified that he threw the gun down and immediately called the telephone operator in an attempt to summon help. The operator put him in contact with the police. Soon thereafter, Sheriff F.D. East of Lafayette County, Coronor Murray Sutherland, and an ambulance arrived.
The uncontradicted testimony and exhibits show that the shotgun was pointed toward the ceiling of the house. The photographs of the ceiling depicted blood, hair, tissue, and a hole therein. There were only two witnesses for the state, one being the county coroner and the other Sheriff East. Neither saw the fatal shot. The version of the unfortunate incident given by the defendant is not contradicted by other witnesses, the physical facts, or facts of common knowledge and is not unreasonable. It must, therefore, be accepted as true. *Page 320 
Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933).
This Court on numerous occasions has pointed out that involuntary manslaughter by culpable negligence within the meaning of Mississippi Code Annotated section 97-3-47 (1972) may be defined as negligence of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life, and that this shall be so clearly evidenced as to place it beyond every reasonable doubt. See Butler v. State,375 So.2d 1039 (Miss. 1979); Latiker v. State, 278 So.2d 398
(Miss. 1973); Sullivan v. State, 213 Miss. 14, 56 So.2d 93
(1952).
In Latiker v. State, supra, the facts were similar to the case sub judice. There, Perry Latiker was charged with manslaughter by culpable negligence in the death of a friend. The proof disclosed that Latiker, the deceased, and some other man were engaged in idle conversation when the subject of guns came up. He replied that he had a gun in the truck. He was then told he had better get the gun out of the truck or face paying a fine if the weapon were found. Whereupon, Latiker retrieved the gun and stuck it in his pocket. A Mr. Bates then boasted that he had a better gun than Latiker and asked to see Latiker's gun. Latiker maintained that as he pulled the pistol from his pocket, it discharged killing Bates instantly. Latiker offered to take Bates to the hospital but was told not to move him. Thereupon Latiker left in his car, but turned himself in two days later. None of the witnesses for the state saw the fatal shot and none could shed any light on how it happened.
This Court in holding that the evidence was insufficient to sustain a conviction of the defendant stated:
 The evidence in this case is skimpy as none of the witnesses actually saw the firing of the fatal shot. The appellant and the deceased were longtime friends. There was no motive shown for the killing. There was no testimony of horseplay with the pistol, drunken brawling or any other reckless conduct that could be interpreted to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life. The testimony of appellant is not unreasonable and is not contradicted by any of the physical evidence or the testimony of the witnesses. Therefore, we have concluded that the evidence presented shows, at most, an act of simple negligence which resulted in the unfortunate death of the deceased.
In Latiker, we also cited Gant v. State, 244 So.2d 18, 19 (Miss. 1971), where we observed that:
 * * * "Experience has shown that under that statute (the culpable negligence statute) juries are overinclined to convict on proof of what is in fact no more than simple negligence, and as a result there have been more reversals in this class of cases than perhaps in any other that comes before us." * * *
That is precisely the case we have here, an act of simple negligence which resulted in the most unfortunate death of Miss Hegler. The record fails to show any horseplay with the shotgun, drunkenness, brawling or any other reckless conduct tantamount to a wanton disregard of, or utter indifference to, the safety of a human life.
Phillips' negligence does not reach that degree required to establish culpable negligence within the meaning of Mississippi Code Annotated section 97-3-47 (1972), and the decisions of this Court.
The motion for a peremptory instruction in favor of the defendant should have been sustained.
It is not necessary that we discuss the remaining assignments of error.
The judgment of the trial court will, therefore, be reversed and appellant, Charles Gordon Phillips, discharged.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
[1] Mississippi Code Annotated section 97-3-47 (1972) provides: "Every other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this title, shall be manslaughter. *Page 321