571 So.2d 275 (1990)
Eddie Lee ROBINSON
v.
STATE of Mississippi.
No. 89-KA-0681.
Supreme Court of Mississippi.
December 5, 1990.
Raymond L. Wong, Cleveland, for appellant.
Mike C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
*276 Before HAWKINS, P.J., and ANDERSON and BLASS, JJ.
BLASS, Justice, for the Court:
Eddie Lee Robinson, the defendant, and Gwendolyn Lee had lived together in Cleveland, Mississippi, for several years. They had two children. In December 1988, they were living apart and having considerable difficulty in their relationship. On Christmas Day they had an especially bitter argument that ended with the defendant threatening to burn Gwen's mother's house down.
The next day the defendant returned to the house to find Gwen Lee. He entered with a bowl of gasoline and a lighter and said that he was going to throw the gas on Gwen and light it. At least nine other people were in the house at the time of the incident. Convinced that the defendant's threats were serious, Gwen ran from the house. In the process she knocked the bowl of gas out of his hands and it spilled on the floor and her blouse.
The defendant followed her out of the house, caught up to her and sat on her. He continued to threaten her with the lighter. A short time later the defendant noticed smoke coming from the house. The evidence showed that a space heater ignited the spilled gas. He got off Gwen and ran into the house to see if anyone was inside. Finding no one, he drove to the police station and reported what he described as a terrible accident.
Carolyn Lee, Gwen's niece, died as a result of injuries suffered in the fire. Kerry Lee, Gwen and the defendant's son, suffered second degree burns on his face. The defendant was convicted of one count of manslaughter of Carolyn Lee by culpable negligence and aggravated assaults of Gwen and Kerry Lee. The defendant appealed his conviction to this court.

ANALYSIS

A. Lesser Included Offense Instruction.
The defendant's first assignment of error is that the lower court erred in failing to give a lesser included offense instruction in counts two and three. These were the aggravated assault counts and the defendant tendered a simple assault instruction which the court refused to give to the jury.
This Court has held that a lesser included offense instruction should be denied only when "the evidence could only justify a conviction on the principle [sic] charge." Lee v. State, 469 So.2d 1225, 1231 (Miss. 1984); Ruffin v. State, 444 So.2d 839, 840 (Miss. 1984). Put another way, the test is whether "there was sufficient evidence in the record so that a reasonable juror could have concluded that the accused was guilty of simple assault, as that offense is defined in Miss. Code Ann. § 97-3-7(1)." Harbin v. State, 478 So.2d 796, 799 (Miss. 1985). That section defines simple assault as:
(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly, or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm.
So the question becomes could the testimony and other evidence bring the case within the statutory definition of simple assault. The testimony reveals that the defendant never actually poured gas on Gwen. Rather she knocked it out of his hands as she ran out of the house. The defendant also denied physically threatening her although other witnesses offered contrary testimony. The evidence also shows that the defendant chased Gwen from the house, caught her and sat on top of her with the lighter. Apparently they were arguing but when the defendant noticed smoke coming from the house he immediately got off Gwen and ran into the burning house. He claimed to be checking to see if anyone was in the house. Then he immediately drove to the police station and reported the incident.
Under Lee, supra, at 1231, and Murray v. State, 403 So.2d 149 (Miss. 1981), this testimony could bring this case within the *277 statutory definition of simple assault. Of course the jury was not required to believe any of this testimony. That is not dispositive here. As long as the testimony muddies the water enough, the defendant is entitled to the lesser included offense instruction. Boyd v. State, 557 So.2d 1178 (Miss. 1989); Harbin v. State, 478 So.2d 796, 799-800 (Miss. 1985). It follows then that we must reverse the convictions on counts two and three and remand for a new trial.

B. Culpable Negligence Instruction.
Next, the defendant argues that the court erred by not giving his tendered instruction regarding manslaughter by culpable negligence. The instruction offered the civil definition of negligence. The defendant wanted this instruction so that the jury could compare this type of negligence with the culpable negligence required for conviction under Miss. Code Ann. § 97-3-47 (1972). The defendant has cited no authority, nor have we found any, for the proposition that the instruction that the defendant tendered is required for comparison purposes. For this reason, this assignment of error is without merit.
This does not mean that lower courts should never give an instruction for such purposes. It is a practice that should be encouraged, especially since this Court has noted that juries are over inclined to convict under this statute when the evidence rises to no more than simple negligence. See, e.g., Phillips v. State, 379 So.2d 318, 320 (Miss. 1980).

C. Weight of the Evidence.
Finally, the defendant argues that the lower court erred by not granting his motion for a directed verdict. The familiar standard of review applicable here is: "all evidence introduced by the state is accepted as true, together with any reasonable inferences that may be drawn from that evidence, and, if there is sufficient evidence to support a verdict of guilty, the motion for a directed verdict must be overruled." Leflore v. State, 535 So.2d 68, 70 (Miss. 1988).
As for count one of the indictment, which charged the defendant with the manslaughter of Carolyn Lee, the evidence shows that the defendant came into a room full of people and threatened to throw gasoline on one of them and ignite it. This conduct certainly rises to the level of, "horseplay ... drunkenness, brawling or any other reckless conduct tantamount to a wanton disregard of[,]... the safety of human life[.]" considered sufficient by this Court to support a conviction under Miss. Code Ann. § 97-3-47 (1972). Phillips v. State, 379 So.2d 318, 320 (Miss. 1980). Therefore we cannot say that the trial court erred by not granting a directed verdict on this count.
Count two of the indictment charged the defendant with the aggravated assault of Kerry Lee. Aggravated assault entails serious bodily injury. Harbin v. State, 478 So.2d 796, 799-800 (Miss. 1985). If there is sufficient evidence to establish that such injuries were inflicted purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life, as required by § 97-3-7(2)(a), then the lower court did not err in failing to grant a directed verdict on this count. Leflore, supra, at 70. Kerry suffered second degree burns on his face. He still bore those scars at the trial. Given these injuries and the way in which they were inflicted, we cannot say that the trial court erred by not granting a directed verdict on this count.
Count three of the indictment charged the defendant with the aggravated assault of Gwen Lee. She suffered no injuries as a result of this incident. The focus here then has to be on the defendant's attempt to cause such injuries. Miss Code Ann. § 97-3-7(2) (Supp. 1990). The defendant argues that he only intended to scare Gwen and that this conduct only amounts to simple assault. In support, he relies on Murray v. State, 403 So.2d 149 (Miss. 1981). In that case this Court held that Murray's act of putting a knife to a prison guard's throat in an attempt to get *278 his keys amounted only to "physical menace" type simple assault. Id. at 153.
So the question becomes, did the conduct here rise above that present in Murray. We hold that it did. The evidence shows that the defendant had threatened to kill Gwen the night before this incident. He also had repeatedly told co-workers that he planned to burn the house down. Finally the defendant chased Gwen out of the house, sat on top of her and said, "Now tell me you love me or I'll kill you."
In light of this evidence, and the reasonable inferences that can be drawn from it, we refuse to hold that the trial court erred by not granting a directed verdict on any part of this case.
In conclusion, the conviction on count one of the indictment is affirmed. The convictions on counts two and three are reversed and remanded because the lower court failed to give a lesser included offense instruction.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.