## WALTER OWENS v. THE STATE.

1. WITNESS. *Credibility of defendant in criminal case. Instruction.*

   In a criminal trial it is error for a court to instruct the jury that it may, at pleasure and without regard to other considerations, reject the evidence wholly or in part of any witness interested in the case or having any motive to swear falsely, unless such witness be corroborated by other evidence; and such instruction is erroneous as much when aimed at a defendant who testifies as at any other witness. The jury is the sole judge of the credibility of a witness, and they must be left free to determine from the facts and circumstances in evidence what estimate to place upon the testimony of any particular witness.

2. EVIDENCE. *Previous testimony of living witness. Rule in criminal trial.*

   In a criminal trial evidence of the testimony delivered in a previous trial of the same case by a witness not dead, but beyond the jurisdiction of the court or the limits of the State, is not admissible.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

Walter Owens was indicted for the murder of one David Martin, in Warren County. He was tried and convicted, and then prosecuted this appeal to this court. On the trial the defendant offered to introduce proof of the substance of the testimony which one Swartz had delivered on a previous trial of this cause on a writ of *habeas corpus.* It was shown that writs of subpœna had been issued for Swartz, but that he was out of the State. The court refused to admit proof of such testimony. The defendant was introduced and testified in his own behalf.

The first instruction given for the State was as follows: "The court instructs the jury for the State that they may consider the interest of any witness who has testified in this case, and the motive that such witness may have had to testify falsely, and that they are at liberty to reject the whole or a part of the testimony of any such witness, unless they believe from the evidence that such witness has been corroborated by the testimony of other credible witnesses."

*L. W. Magruder,* for the appellant.

1. The first instruction for the State authorizes the jury to reject

the evidence of the defendant solely upon the ground of his interest in the result. It comes within the rule laid down in *Buckly* v. *State*, 62 Miss. 707; *Thomas* v. *State*, 61 Miss. 65, and *King* v. *State*, MS. opinion, and disapproving judicial admonition of probable falsity predicated of temptation to the defendant to perjure himself.

2. Whatever diversity may have at one time existed in the courts as to admissibility of evidence of a witness on a former trial in a criminal case who is beyond the jurisdiction of the court, it seems now well settled that such evidence is upon the same footing as that of deceased witnesses.

In principle and analogy there can be no difference either upon the score of hardship or public policy, and the more liberal view upon this subject is approved by Greenleaf, Phillips, and Wharton. An elaborate and learned review of the authorities reaching this result is given in Cowen's, Hill's, and 1 Edwards' Notes on Phillips Evidence 389 *et seq.; vide* also, 1 Greenleaf, § 163, and note; 1 Whart. on Criminal Law, § 667 and note; *Strickland* v. *Hudson*, 55 Miss. 235.

*L. W. Magruder* also argued the case orally.

*T. S. Ford*, Attorney General, for the State.

When it is shown merely that the witness was out of the State, and it is proposed to show by parol what he testified, certainly no sufficient reason can be given for holding that the court erred in refusing to admit it.

At common law in the English courts, in case of the death of a witness, his depositions taken before the committing court were admitted in substantive evidence, and when thus offered, the evidence afforded by these depositions could not be added to by parol testimony. But it is here held in no criminal case that parol proof of what an absent witness testified on a former trial is admissible as substantive evidence. The decisions in this country are conflicting, it is true, but it is submitted that the authorities cited below announce the correct doctrine, and are supported by reason and authority. 5 Rand. 701; 10 Gratt. 722; 12 Bush 271; 7 Nev. 175; 14 Mass. 234; 6 Cowen 162; 12 Wend. 41; Godbolt

336 ; see also *Regina* v. *Scaife,* 17 Q. B. 243; 5 Hill 295 ; 3 J. J. Marsh 185; 36 Mo. 431; 7 S. & M. 475 ; *Gehauser* v. *North British Ins. Co.,* 7 Nev. 174; *Bragy* v. *Commonwealth,* 12 Gratt.

The *Attorney General* also made an oral argument.

ARNOLD, J., delivered the opinion of the court.

The first instruction given for the State declared, in effect, that the jury, at pleasure and without regard to other considerations, might·reject, in whole or in part, the testimony of any witness interested in the cause, or who had any motive to swear falsely, unless he was corroborated. As a legal proposition this is not true. Without corroboration the jury might accept the testimony of such witness as true, in whole or in part, if they deemed him worthy of credit, or from such interest and motive they might disbelieve him, in whole or in part, whether corroborated or not, if, in their judgment, he had on such account testified falsely ; but there is no authority·of law for the declaration that the jury may arbitrarily·disregard the testimony of any witness unless he is corroborated. The jury are the judges of the credibility of witnesses, and they must determine from the facts and circumstances in evidence what estimate they will place on the testimony of witnesses, but in doing this they exercise, or should exercise, their judgment, and should not be guided by the mere dictates or impulses of the will.

The proposed evidence to show what the absent witness, Swartz, had sworn on the *habeas corpus* trial was not admissible. It is well established that the testimony of a *deceased witness,* given under oath in a judicial proceeding between the same parties on the same issue, is competent, both in civil and criminal cases, for either party, when the party against whom the testimony is offered had opportunity to cross-examine the witness on the former proceeding. 1 Greenlf. Ev., ·§ 163 ; 1 Whart. Cr. L., § 667 ; *Strickland* v. *Hudson,* 55 Miss. 235 ; *Commonwealth* v. *Richards,* 18 Pick. 434; *Summons* v. *State,* 5 Ohio St. 325; *Barnett* v. *State,* 54 Ill. 325.

But whatever may be the rule in civil actions as to the admission of evidence·to·prove what was sworn by a witness on a former

trial between the same parties when such witness is alive but has removed from the State, or is beyond the jurisdiction of the court, such evidence is excluded on criminal trials. *State* v. *Houser,* 26 Mo. 431; *Collins* v. *Commonwealth,* 12 Bush. 271; *People* v. *Newman,* 5 Hill (N. Y.) 295; *Finn* v. *Commonwealth,* 5 Randolph 710; *Bragy* v. *Commonwealth,* 12 Gratt. ˙722; *Gehauser* v. *North British Ins. Co.,* 7 Nev. 175.

*Reversed.*