ANTONIO DUKES v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Evidence. Death of Witness. Subsequent trial. Identity of issues.*

> The testimony of a witness delivered in his life time on a preliminary trial of one charged with crime, who had full opportunity to cross-examine him, is admissible, after his death, on a subsequent trial, and can be proved by persons able to state its material substance, where, but only where, the issues are substantially identical.

2. SAME. *Robbery. Murder.*

> The issues involved in charges of robbery and murder are not substantially identical, although the death resulted from blows inflicted in the perpetration of the robbery.

FROM the circuit court of Copiah county.

HON. ROBERT POWELL, Judge.

Dukes, appellant, was indicted, tried and convicted of murder and sentenced to be hung; he appealed from the judgment and sentence to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Millsaps & Lockwood,* for appellant.

Evidence given on a former trial of the same action or in a former action involving the same issues and between the same parties is admissible where it is shown that the witness giving such evidence is dead. 11 Am. & Eng. Enc. Law (2d ed.), 523, and cases there cited; *Strickland* v. *Hudson,* 55 Miss., 235; *Owens* v. *State,* 63 Miss., 450; 1 Greenleaf on Evidence (16th ed.), 163; 1 Wharton Criminal Law, sec. 667; 20 L. R. A., 590.

At the common law a preliminary trial before a justice of the peace was not a previous trial, but merely an examination.

Under the laws of this state a justice of the peace has no juris-diction to try a person for a felony. He merely examines the charge to tell whether a party ought to be placed under bond and held to await the action of a grand jury. A preliminary trial before a justice of the peace has none of the requisites and formalities of a trial. Constitution of Mississippi of 1890, sec. 171.

*Robert B. Mayes,* on same side.

In some of its aspects this case presents a curious state of affairs, in that we have here a witness testifying about his own murder in open court if this testimony is admissible, a thing that is impossible as a physical fact. There is no dying decla-ration offered or pretended to be offered, but the testimony of the deceased witness (not given on a former trial of the same issue, for there has been no former trial of this issue, but given on a trial wherein this appellant was charged with the crime of robbery) is now offered in evidence where the accused is charged with murdering the witness who testified on another charge.

In *Owens* v. *State,* 63 Miss., 450, the court says: "It is well established that the testimony of a deceased witness, given un-der oath in a judicial proceeding between the same parties on the same issue, is competent both in civil and criminal cases for either party when the party against whom the testimony is offered had opportunity to cross-examine the witness on the former proceeding." It will thus be seen that where this court has been called upon to decide under what circumstances the testimony of a deceased witness shall be admitted, it has held that it is only where "the issue is the same," and there must have been a "former trial" of the "same issue."

But, again, some of the authorities go a little further than the authority above quoted from, and say that this testimony is admissible where the issues are the same, or substantially the same, but in no authority is the rule extended beyond this.

Greenleaf says: "As to the issues, the material inquiry is whether the present topic was then a subject of investigation, *e. g.,* if the then litigation concerned Blackacre and the present case concerned Whiteacre, but the controversy in both is whether John Doe is Richard Roe's heir, the rule is satisfied; but if, though the same act of taking is involved, the charge is in one case the larceny of a horse and in the other the larceny of a wagon, the rule might not be regarded as satisfied. I Greenleaf (16th ed.), 278; 11 Am. & Eng. Enc. Law, 526. In this case the thing that was before the magistrate at the time was "who robbed James Welch?" not "who murdered him?" True it is that it may be argued to the court that the issue in each case is identical in that in each case the identity of the party committing the crime is the thing which is proven by the dead witness; but the rule requires that the issue be the same, and this proof of the identity of the party testified to by the witness must not be confounded with the rule of law requiring first, and before this testimony can ever be proven that the issue must be the same. In the proof of all crime, from theft to murder, and from assault to treason, the identity of the party charged with the crime must be proven as an incident to conviction, but, first of all, a crime must be shown to exist, and "the issue" is not the identity of the party charged with the crime, but "the issue" is the thing the party accused is charged to have done. The only thing that is the same is this subsequent charge of murder with the former charge of robbery is identity. But identity of the individual accused must be shown in larceny; it must be shown in arson; it must be shown in robbery; identity must be shown in the charge of any and all crimes, but the identity of the party accused and the "issue" between the parties—between the state and the accused—is not the same. "The issue" between the state and a party accused of larceny is larceny, or some lower grade of "included offense" of this particular crime, and this to meet those authorities that hold that the issue must

be the same, or substantially the same.    The issue between the
state and a person accused of robbery is robbery, or some one
of the offenses of a lower degree which may be included
in the charge of robbery, or of an offense which necessarily
includes robbery or the issue cannot be the same or substanti-
ally the same, and so on with each and every crime.

It may be argued that though the trial in the lower or magis-
trate's court was on a charge of robbery, yet the same criminal
act produced both the robbery and the murder.    I answer this
in the language of the author quoted above, "that though the
same criminal act be involved," if the charge is in the one case
robbery and in the other murder, the rule is not satisfied be-
cause the issue is not the same.    Robbery and murder are not
the same nor substantially the same.    One charged with robbery
cannot be convicted of an assault with intent to kill, but may
be convicted of a simple assault as the lowest crime included,
and of larceny from the person or simple larceny.    15 Am. &
Eng. Enc. Law (1st ed.), 368; 21 Texas App., 329.

Section 26, Constitution of Mississippi, guarantees that in
all criminal prosecutions "the accused shall have the right, etc.,
to be confronted by the witnesses against him."    I am aware that
by the great weight of authority this clause of the constitution
is not violated by the admission of this kind of testimony, but
even in those courts where this doctrine has been extended to
its greatest length, none of the authorities go beyond the rule
that the litigation must be between the same parties, and the
issue must be substantially the same.    None of the courts, I be-
lieve assign any better reason for disposing of this constitutional
guarantee than that it is done from necessity, and do not at-
tempt to say at all that the clause under discussion is not really
violated by admitting the testimony in question.    If this sec-
tion of the constitution is not violated by these decisions thus
disposing of it, they at least are dangerously near the line, and
for that reason the rule should be enforced *stricti juris.*

*Monroe McClurg,* attorney-general, for appellee.

Do not lose sight of the legal effect of all of the testimony in the case, especially the agreed facts, to-wit:

"It is admitted that in the justice court the defendant was on trial for robbery and the robbery occurred at the same time the blow was inflicted from which the party afterward died, and that the blow was part of the means used in robbing him."

Had the appellant been tried on the charge of assault and battery with intent to kill and murder, the testimony of the deceased witness would have been competent on a subsequent trial for murder where death ensued from precisely the same facts established in the trial upon the first charge.

The robbery—the particular kind of robbery of which appellant was charged—committed by a felonious assault and battery upon the deceased, and from the effects of which the victim shortly died, necessarily includes that species of assault and battery which is a component factor in a charge of murder, and the rule which admits the testimony of the dead witness in the one case, perforce of the rule itself, admits it in the other. The intent with which the onslaught was made is always a question of fact, and that the purpose and intent of the vicious attack was to rob, and not to kill may be true, yet it was made with intent to accomplish the purpose, at whatever cost, to rob, which intent included the intent to kill if necessary to accomplish the original intent to rob. The depravity of heart, the utter disregard for human life, the evident intent to commit robbery by death blows upon the person, and to actually kill if necessary to secure the booty, embraces every element of assault and battery with intent to kill and murder, because the intent to rob at all hazards included every other felonious and deliberate intent, even that to kill and murder.

Whatever may have been "the issue" on the trial for robbery, as developed upon both trials in this cause, that "issue" contained the elements of an issue joined upon a charge of assault and battery with intent to kill and murder, and of murder.

The objective point was to rob the peddler, Welch, and it was his intent to reach that object if murder had to be committed. Murder was committed.

Because of the indiscretion committed by a justice of the peace in rushing into an investigation upon a charge of robbery without awaiting the inevitable effect of mortal wounds, is the state to lose its chance to put the accused upon trial upon precisely, not substantially, the same state of facts, and precisely the same charge so far as act and intent are concerned? True, the plea was not guilty of robbery, but there was not a semblance or variance in the proof had it been not guilty of murder.

It is respectfully submitted that to restrict the rule to assault and battery with intent to kill and murder, is to destroy the rule of "substantially the same"; for which reason Counsellor Huddleston could not answer the question propounded to him in the Beeston case. *Regina* v. *Beeston,* Dear's Cr. Cases, 405. It is true that many questions are appropriate to robbery that are not appropriate to murder, the forms are different, the technical charge is different; nevertheless it remains, beyond reasonable questioning, that a robbery committed with such violence to the person, deliberately premeditated, as to cause death is substantially the same charge, the same issue joined, upon identically the same state of facts; because, in proving the one (robbery) the proof of murder is complete; nor could any counsel, in this case, "suggest any question material on the one charge, and not on the other."

Again: It is respectfully submitted that the difference between the charge of robbery as laid in the indictment in this cause (and as developed by the testimony), and the charge of murder, is in that, the charge of robbery committed by personal violence requires proof additional. The rules of evidence travel together until the point of murder is reached in the presumption of intent by the character of the assault and the weapon used, whereas the testimony on a charge of such rob-

bery traveling the same and narrow way to this point, must go a few steps further for no other purpose than to show an actual intent as distinguished from the intent springing from presumptive law. So it is, "the offense," "the issue," "the trial," on the charge of murder is substantially the same as, upon precisely the same facts, it was upon the charge of robbery. The fact that more questions must be asked to make out the offense of robbery than to make out the charge of murder cannot change the rule. Such hair-splitting differentiation does not rest upon sound practical reason.

Substantially the same issue, and not precisely the same formal charge, is the sound doctrine—substance not more harmful to the accused should not be subordinated to the chances of indiscreet procedure by unskilled officers. 11 Am. & Eng. Enc. Law (2d ed.), 523; *Strickland* v. *Hudson,* 55 Miss., 235; *Owens* v. *State,* 63 Miss., 450; *United States* v. *McComb,* 5 McLean, 286; *Bown* v. *Commonwealth,* 73 Pa., 321; *Barnett* v. *People,* 54 Ill., 325; Bishop's New Criminal Law, secs. 1194 to 1202, inclusive; Wharton's Criminal Evidence (9th ed.), 177; Clark's Criminal Procedure, 552, and *Regina* v. *Beeston* (much like this case), Dear's Crown Cases, 405, are all instructive authorities.


WHITFIELD, C. J., delivered the opinion of the court.

The record shows the following agreement: "It is admitted that in the justice's court the defendant was on trial for robbery, and the robbery occurred at the same time that the blow was inflicted from which the party afterwards died, and that the blow was part of the means used in robbing him." The appellant was charged with having committed robbery upon James Welch, a peddler, before the justice of the peace on the committing trial. On that trial Mr. Welch was present, confronting the accused, and testified under oath. The appellant had opportunity to cross-examine Mr. Welch; being present himself, and being represented by counsel. In the interval

between the committing trial and the convening of the circuit
court, James Welch, the injured person, died. The testimony
does not seem to have been written in compliance with the
statute, in accordance with which the testimony of Mr. Welch
should have been taken down in writing and returned to the
circuit court. The appellant was indicted in the circuit court
for murder, not robbery. On his trial for murder, four wit-
nesses were introduced by the state to prove orally their recol-
lection of the substance of the testimony delivered by Mr.
Welch on the committing trial. This testimony was objected
to as incompetent. The court overruled the objection, and
the question presented by this appeal is whether that action
of the court was correct on that state of case. The general rule
is stated by Mr. Bishop in 1 New Cr. Proc., sec. 1195: "Of
necessity, if a witness has died, or has become insane, though
but temporarily, or by the opposite party is kept out of the
way, or is too ill or infirm to come to the court (for it cannot
adjourn to his house), or if from any cause for which the party
is not responsible, such as residence beyond the process of the
court, or the like, the witness' personal presence cannot be had
(a rule as to which the decisions are somewhat indistinct and
inharmonious), added to which, if there has been a prior pro-
ceeding, involving the same issue between the same parties,
conducted regularly in pursuance of law, and therein the de-
fendant had the opportunity to cross-examine the witness
against him—not otherwise—what was on such former hearing
testified to by a witness whose presence cannot now be had may
be shown against the defendant." Mr. Wharton says that it is
enough if the offense be "substantially the same," his statement
of the rule being as follows (Whart. Cr. Ev. (9th ed.), sec.
227): "What a deceased witness testified to on a former pro-
cedure against the same defendant for the same offense as that
under trial, or for an offense substantially the same, may be
proved by witnesses who heard the testimony of the witness; nor
is such oral evidence excluded by the fact that the original testi-

mony was reduced to writing, nor, in criminal cases, by the constitutional provision that the defendant is entitled to be confronted with the witnesses against him." It ought to be noted, in passing that Mr. Wharton improperly calls this a species of hearsay evidence. A dying declaration is hearsay evidence, but the testimony of the original witness to the facts, delivered under oath, is not hearsay evidence, as pointed out by some authorities. The courts hold contradictory views on some of these propositions. For instance, it is held in *Finn* v. *Commonwealth,* 5 Rand., 701, that such testimony is not admissible in any criminal case whatever; and in Massachusetts, New York, New Hampshire and Mississippi it is held that it is only admissible where the witness is dead. *Le Baron* v. *Crombie,* 14 Mass., 234; *Powell* v. *Waters,* 17 Johns., 176; *Crary* v. *Sprague,* 12 Wend., 41 (27 Am. Dec., 110); *Wilbur* v. *Selden,* 6 Cow., 162; *State* v. *Staples,* 47 N. H., 119 (90 Am. Dec., 565); *Owens* v. *State,* 63 Miss., 452. Again, it is held in New York and Massachusetts that the witness must state the precise words, and not the substance only, of the testimony of the deceased witness. We concur in the very able opinion of Judge Drummond in *U. S.* v. *Macomb,* 5 McLean, 286 (Fed. Cas. No. 15,702), on this point. See, specially, page 299. Judge Drummond's reasoning on this proposition is unanswerable. It is enough if the witness is able to state the material substance of the testimony of the deceased witness. Again, in an opinion of remarkable power delivered by Davidson, J., in *Cline* v. *State* (Tex. Cr. App.), 36 S. W., 1099 (37 S. W., 722, 61 Am. St. Rep., 850), it is held the constitutional provision requiring the witness to confront the accused on the trial means the trial on the merits before the jury; that consequently testimony of the deceased taken before an examining court is not testimony taken on a former trial, within the meaning of the word "trial" in this clause of the constitution; and that the defendant has the right to be confronted by the witness on such trial on the merits before a jury as many times as there

are such trials—hung juries, reversals, etc., not changing the
rule.    We call attention to these differences between the courts
to emphasize the caution and extreme solicitude manifested by
the courts in allowing this testimony to be introduced.    And it
will be noticed that this state admits the testimony in but one
case, to-wit, the death of the witness.    Mr. Bishop says, in 1
New Cr. Proc., p. 732, note 7, "Such is, by all opinions, the
doctrine in civil cases, but there may be a state or two wherein
it is not received in criminal cases;" citing *Owens* v. *State,* 63
Miss., 450; *Finn* v. *Commonwealth,* 5 Rand., 701. It doubtless
would be well for our legislature to enact that such testimony
should be received in all the categories mentioned in section
1195 of Dr. Bishop's work; adding the case of a witness made
incompetent to testify since he delivered his testimony on the
former trial.    This court has held strictly to the rule of admit-
ting such evidence, only where the witness has died.    This
shows the necessity for extreme caution in application of the
rule in this state.

Coming now to the test, on reason and principle, as to the
admissibility of this sort of evidence, that test seems to be
chiefly that the defendant on the former trial had full oppor-
tunity for cross-examining the witness; the issue (that is to say,
the offense charged) being substantially the same.    This in-
volves two propositions: First, that the offense charged, or, as
Mr. Russell puts it, "the point in issue," or, as most authori-
ties put it, "the issue," must be the same; and, second, the is-
sue being the same, the defendant must have full opportunity
for cross-examination.    The strongest authority for the state
in this case is *Reg.* v. *Beeston,* Dear's Cr. Cas., p. 405.    But
we may say, in short, that that and various other cases estab-
lish this proposition: That where the defendant was examined
before the committing magistrate on a charge of assault and
battery with intent to kill and murder, and the injured party
testified against him, under oath, and was fully cross-examined,
his testimony is competent against the accused on a trial for

murder in the circuit court; the injured party in the meantime having died. Obviously the issue in such case is substantially the same. In the case of *Beeston, supra,* at page 409, the eminent counsel for the prisoner (Mr. Huddleston) was asked, "Can you suggest any question material on the one charge, and not on the other?" And he was not able to do so. But it must be obvious that there are very many questions which might be appropriately asked on the charge of robbery which would not necessarily or perhaps ordinarily be asked on the charge of murder. We have given the question the most careful consideration,· and in view of the doctrine of this court in the *Owens case, supra,* and the manifest caution and jealous care to preserve the constitutional guaranty characterizing the decisions of the courts elsewhere, we are constrained to hold that there is substantial merit in the contention that the issue on the charge of robbery is not substantially the same, within the meaning of this rule of evidence, with the issue on the charge of murder in the circuit court, although the blow inflicted in effecting the robbery was the same which caused the subsequent death. It must be perfectly clear that the issue—the offense charged—is substantially the same, so that the questions asked to make out the one offense would be the same as those asked to make out the other, else the rule is not satisfied, and the testimony is incompetent. We refer especially to note in 61 Am. St. Rep., 891, where the rule is thus stated: "From among the multitude of cases sustaining this rule that the testimony of a witness for the state, given on a preliminary examination or former trial of the accused, who was present and had reasonable opportunity to cross-examine the witness, is competent against the defendant on his subsequent trial for the same charge—the witness having died since giving his testimony, and before the subsequent trial—may be cited the following authorities, in addition to those already noticed." And a multitude of the most recent authorities are then quoted in support of the rule as stated. And also to the note to *Bergen* v. *People,* 65 Am. Dec.,

676, and *Brown* v. *Commonwealth,* 73 Pa., 321 (13 Am. Rep., 740). See specially, also, 2 Am. & Eng. Enc. Law (2d ed.), pp. 526, 527, with notes. It will be noticed in *Beeston's case, supra,* that the observation of Jervis, C. J., at page 413, to the effect that the charge before the magistrate may not be the same technical charge on which he is afterward tried, was made in construction of the act of 11 and 12 Vict., which is set out at page 406, and not as stating the rule in the absence of statute. It will be further noticed that in *Owens* v. *State,* 63 Miss., 452, the language is that the testimony must be "given under oath in a judicial proceeding between the same parties on the same issue." We hold that it is enough if the issue be substantially the same.

It follows that the judgment must be reversed, and a new trial awarded.