## JESSE HOLIFIELD v. CITY OF LAUREL.

### [50 South. 488.]

CRIMINAL LAW AND PROCEDURE. *Unlawful sale of intoxicating liquors.*
*Municipal ordinance. Evidence. Witness in former trial. Ab-*
*sent from state. Trial de novo on appeal.*

The testimony of a witness before a municipal court, in a prosecu-
tion for the violation of an ordinance, may not be used on a *de*
*novo* trial in the circuit court on appeal from a conviction in the
court in which the prosecution was begun, although the witness
has removed from the state.

FROM the circuit court of, second district, Jones county.

HON. ROBERT L. BULLARD, Judge.

Holifield, appellant, was tried and convicted in the muni-
cipal court of Laurel for the violation of an ordinance of the
city forbidding the unlawful sale of intoxicating liquors.   On
the trial in the city court one Posey was a material witness for
the prosecution.   Defendant, Holifield, appealed from the con-
viction to the circuit court of the county and was there tried *de*
*novo.*   When the case came on for trial in the circuit court
Posey was not present, but upon it being made known to the
court that he had removed to the state of Alabama, the court,
over defendant's objection, permitted the prosecution to prove
by the police justice, who presided in the municipal court, what
the absent witness had testified in the trial before him.   De-
fendant was convicted in the circuit court and appealed to the
supreme court.

*R. E. Halsell,* for appellant.

*George Butler,* assistant attorney-general, and *W. S. Welch,*
for appellee.

[The briefs of counsel were withdrawn or lost from the rec-
ord when it reached the reporter; hence no synopses of them is
given in this report.]

WHITFIELD, C. J., delivered the opinion of the court.

The testimony of the police justice of the city of Laurel, Mr. Gavin, is manifestly incompetent, under the decisions of *Owens v. State,* 63 Miss. 450, and *Dukes v. State,* 80 Miss. 353, 31 South. 744. The whole subject was exhaustively considered in the case of *Dukes v. State, supra,* and we feel ourselves bound, by the former decisions of this court, to hold as we have announced therein. We said, in the *Dukes case,* at page 362 of 80 Miss., and page 745 of 31 South.: "It doubtless would be well for our legislature to enact that such testimony should be received in all the categories mentioned in section 1195 of Dr. Bishop's New Criminal Procedure. Volume 1, § 1195." In that section Mr. Bishop said: "Of necessity, if a witness has died, or has become insane, though but temporarily, or by the opposite party is kept out of the way, or is too ill or infirm to come to the court (for it cannot adjourn to his house), or if from any cause for which the party is not responsible, such as residence beyond the process of the court, or the like, the witness' personal presence cannot be had (a rule as to which the decisions are somewhat indistinct and inharmonious), added to which, if there has been a prior proceeding, involving the same issue, between the same parties, conducted regularly in pursuance of law, and therein the defendant had the opportunity to cross-examine the witness against him—not otherwise—what was on such former hearing testified to by a witness whose presence cannot now be had may be shown against the defendant."

We once more repeat that the legislature should change the rule of evidence on this subject, as indicated in that section, and we trust that the legislature soon to meet will not fail so to do.

*Reversed and remanded.*

MAYES, J., delivered the following specially concurring opinion.

I concur in the result reached by the court and also the law declared in the opinion, but I dissent from that part of the opin-

ion which suggests to the legislature that there should be any
change in the rule of evidence on the subject dealt with in
the main body of the opinion. Indeed, I think it will be
unwise for the legislature to change this well-established rule
or to extend the doctrine announced by the opinion further
than the courts have already extended it.