MABRY, et al. *v.* STATE

No. 42824 December 20, 1963 158 So. 2d 688

*William O. Semmes,* Grenada; *Breland & Whitten,* Sumner, for appellants.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McGehee, C. J.

Percy N. Mabry, Calvin Sullivan and William Gordon Sullivan were indicted, tried and convicted on a charge of burglary in the Circuit Court of Grenada County, and were each sentenced to serve a term of three years in the state penitentiary.

The case must be reversed because of errors in the instructions obtained on behalf of the State. There were several instructions granted in the case but in none of them was the crime of burglary defined. Three of the State's instructions were in identical language, and they

pertained separately to each of the defendants. The instruction obtained by the State in the case of Percy N. Mabry is as follows: ''The Court instructs the jury for the State that if you believe from the evidence beyond a reasonable doubt that the defendant, Percy Mabry, is guilty as charged in the indictment, then it is your sworn duty to so find, and the form of your verdict will be: 'We the jury find the defendant Percy N. Mabry guilty as charged.' ''

The same instruction as to each of the other defendants, except as to the name of the accused, is in the same language. It is to be noted that this instruction, as well as the instructions for the State in the cases against the two Sullivans, did not define the crime. They simply stated that, ''if the jury believed the defendant was guilty *as charged in the indictment,* then the jury should so find.'' In civil cases involving a charge of negligence, it is well established that instructions for the plaintiff must state the alleged acts of negligence and define them, and may not simply refer to the negligence as charged in the declaration. In criminal cases such a requirement should be even stronger and more necessary. █ This is the general rule. The jury should be instructed properly as to the nature and elements of the offense charged, and ''the court must define and explain the crime charged, setting forth the essential elements thereof.'' 23A C.J.S., Criminal Law, Section 1193.

 █ We hold that it is essential that an instruction shall charge the nature and elements of the offense, instead of referring the jury to the pleadings to ascertain what crime the defendant is alleged to have committed.

In Upton v. State, 143 Miss. 1, 108 So. 287, the State's instruction referred to the crime of murder, ''as charged in the indictment herein''. It was held that this criticism was ''well founded'', but the Court held that this in-

struction was cured by instructions for the defendant which adequately defined the crime of murder. However, in the instant case there are no instructions for the defendants which cure, or attempt to cure, the error in the State's instructions.

Moreover, this is a case based entirely upon circumstantial evidence, and there was no instruction either for the State or the defendant which required the jury to believe that either of the defendants was guilty to the exclusion of every other reasonable hypothesis. This point is argued, but is not assigned as error. However, upon a retrial we think that the State's proof and instructions should take care of this omission.

In Ellis v. State, 203 Miss. 330, 33 So. 2d 838 (1948), the defendant's conviction of a second offense of unlawful possession of intoxicating liquors was reversed. The State's sole instruction, not cured by those for defendant, told the jury it could find defendant guilty if it believed beyond a reasonable doubt that he "is guilty as charged in the indictment". It was held that the instruction was error because "it does not define within itself the elements and nature of the crime charged or what the constituents of it are". In other words, "the jurors themselves were referred to, and required to interpret the affidavit, instead of being informed by the court as to the elements of the crime involved in the law violation charged."

In Rodgers v. State, 204 Miss. 891, 36 So. 2d 155 (1948), at page 895, the Court stated that an instruction which defined the crime and also referred to the indictment was not error, but it condemned "that vice" in referring in instructions to the indictment for the elements of the crime. See also Dedeaux v. State, 125 Miss. 326, 336-337, 87 So. 664 (1921). Davis v. State, 173 Miss. 783, 163 So. 391 (1935), cited by the State, is not controlling here. It was not a case solely of circumstantial evidence, and moreover, it is inconsistent

with the well established line of authority discussed above. For these reasons, the failure of the State to obtain an instruction defining the elements of the offense, and its obtaining of an instruction referring solely to the indictment for interpretation and construction by the jury, were reversible error.

Since the case is to be reversed and remanded for a new trial we refrain from detailing the conflicting testimony, which we think was sufficient to make an issue for submission to the jury under proper instructions.

Reversed and remanded.

*Kyle, Ethridge, Rodgers and Jones, JJ.,* concur.