191 So.2d 393 (1966)
Samuel YELVERTON, Jr.
v.
STATE of Mississippi.
No. 43999.
Supreme Court of Mississippi.
October 31, 1966.
*394 William E. McKinley, Lee B. Agnew, Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant, Samuel Yelverton, Jr., was indicted, tried and convicted in the Circuit Court of Rankin County on the charge of involuntary manslaughter by culpable negligence in the killing of C.L. Steen. He was sentenced to serve a term of five years in the state penitentiary, and from this sentence he appeals to this Court.
Appellant's assignments of errors may be summarized as follows: (1) The trial court erred in failing to sustain appellant's motion for a directed verdict; (2) the court erred in granting certain instructions on behalf of the State; and (3) the court erred in overruling appellant's motion for a new trial.
While the evidence on behalf of the State was sufficient to withstand appellant's motion for a directed verdict, we have serious doubts as to whether that evidence was sufficient to support a jury verdict finding appellant guilty of culpable negligence. Consequently, we feel that another jury should be permitted to pass upon this question. This is especially true since there are other errors in the record, even though these errors, under stronger evidence of guilt, might not be considered grounds for reversal.
Since this case must be retried, we will not detail the evidence. It is sufficient to say that the State's theory was that on December 25, 1964, the deceased, C.L. Steen, was traveling west on the right side of a paved county road in Rankin County at about 4:00 P.M., on a clear, warm day. Appellant, traveling east on the same road, drove his 1964 Chevrolet over the crest of a hill and around a curve on the wrong side of the road. Appellant was allegedly driving at a high rate of speed while in a drunken condition. As a result, he collided with the automobile driven by Steen. Steen was seriously injured in the collision and died in the hospital a few hours thereafter as a result of the injuries he had sustained.
Appellant contends that as he came over the crest of the hill, he was driving his car on the right side of the road at a speed of about 45 to 50 miles per hour; that the road beyond the crest of the hill curved to his right and that when he saw Steen's car, it appeared to be about in the center of the road. He immediately applied his brakes, and as he did so, lost control of his car causing it to skid to the left, striking Steen's car in spite of his efforts to turn it to the right to avoid the collision.
Mrs. Sarah Nell Matthews, a daughter of the deceased, was riding in the car with her father at the time of the accident. She and appellant were the only eyewitnesses who testified to the facts surrounding the accident. Two highway patrolmen and a deputy sheriff investigated the accident. They testified as to what they observed at the scene of the accident, including the skid marks on the pavement and the point of collision. They saw and observed appellant at the scene of the accident, and all testified that in their opinion he was drunk.
*395 Appellant was also injured in the accident, suffering a concussion with lacerations, one of which nearly severed one of his ears. Appellant denied that he was drunk, but admitted having consumed one bottle of beer approximately three hours before the accident.
The instructions granted on behalf of the State are not numbered in the record and will be referred to in this opinion by the page number of the record upon which they are found.
The instruction on page 155B of the record is as follows:
The Court instructs the jury for the State of Mississippi that you are the sole judges of the credibility of the witnesses who testify in this case, and in determining what weight you should give the testimony of any witness, you have the rights to consider their demeanor upon the witness stand; what interest, if any, they have in the results of the trial, if it has been shown by the evidence they have any, and all other facts and circumstances in the evidence in this case.
We are of the opinion that this instruction should not have been given, since the only defense witness who had an interest in the case and testified to the facts and circumstances surrounding the accident, was the appellant himself. In Hall v. State, 250 Miss. 253, 265-266, 165 So.2d 345, 350 (1964), Justice Kyle, writing for the Court, discussed a similar instruction and said:
The above mentioned instruction, in our opinion, should not have been granted under the facts disclosed by the record in this case. The appellant was the only witness who testified for the appellant as to the facts and circumstances of the alleged crime. The testimony of the appellant's other witness was limited to a statement as to the reputation of Mrs. Lillian Whitehead, one of the State's witnesses, for truth and veracity. Instructions similar to the instruction complained of have been repeatedly condemned by this Court in cases where the appellant was the only witness called to testify in his behalf.
In the case of Buckley v. State, 62 Miss. 705, the Court said: "A defendant has the right to submit his testimony to the jury to be judged by it, uninfluenced by any suggestions of its probable falsity or an authorization to the jury to throw it aside as unworthy of belief because of the strong temptation to the defendant to swear falsely. There is little danger that juries will be unduly influenced by the testimony of defendants in criminal cases." In Woods v. State, 67 Miss. 575, 7 So. 495, the Court said: "The case must be reversed, however, because of the error of the court below in granting the one charge asked by the state. The appellant was the only witness offered by the defense, and this first charge is clearly obnoxious to the condemnation pronounced in Buckley v. State, 62 Miss. 705."
On a retrial of this case this instruction should not be given.
Appellant also urges that the instruction found on page 154 of the record is erroneous. This instruction reads as follows:
The Court instructs the Jury for the State that culpable negligence is that degree of negligence or carelessness which is denominated as gross, and which constitutes such a departure from what would be the conduct of an ordinary careful and prudent person, under the circumstances, as to show indifference to consequences, so wanton and in such a manner as to evidence a disregard for the safety of human life. (Emphasis added).
This instruction is erroneous since it states that culpable negligence is that degree of negligence which is denominated as gross. We have heretofore pointed out in a number of cases that culpable negligence should be construed to mean negligence *396 of the higher degree than that which in civil cases is held to be gross negligence. In Smith v. State, 197 Miss. 802, 818-819, 20 So.2d 701, 706, 161 A.L.R. 1 (1945), we said:
As hereinbefore stated, it should be kept in mind that the statute does not declare upon gross negligence, but upon culpable negligence. Under the doctrine of strict construction of criminal statutes, it is not within the rightful province of the Court to strike out of the statute the term culpable negligence and substitute therefor the term gross negligence, and thereupon apply what would scarcely sustain a judgment in a civil case for punitive damages to a criminal case making it manslaughter should death result, or assault and battery with intent to commit manslaughter should death not result. In order then to give the term culpable negligence in the statute its proper setting instead of harking back to gross negligence, the term culpable negligence should be construed to mean a negligence of a higher degree than that which in civil cases is held to be gross negligence, and must be a negligence of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life, and that this shall be so clearly evidenced as to place it beyond every reasonable doubt.
In spite of this positive statement of the law, some prosecuting attorneys still request and some trial judges still grant instructions which state that culpable negligence is that degree of negligence that is denominated as gross negligence.
Appellant also complains that the instruction found on page 155 of the record is erroneous. This instruction is identical with the instruction approved by this Court in Coleman v. State, 208 Miss. 612, 45 So.2d 240 (1950). Appellant urges that this instruction is erroneous since it does not state and define the alleged acts of negligence and because it does not causally connect the fact of intoxication with the accident and death. In support of this contention he cites Mabry v. State, 248 Miss. 149, 151, 158 So.2d 688, 689 (1963), wherein we said:
In civil cases involving a charge of negligence, it is well established that instructions for the plaintiff must state the alleged acts of negligence and define them, and may not simply refer to the negligence as charged in the declaration. In criminal cases such a requirement should be even stronger and more necessary. This is the general rule. The jury should be instructed properly as to the nature and elements of the offense charged, and "the court must define and explain the crime charged, setting forth the essential elements thereof."
The foregoing is a correct statement of the law, but the instruction in question is a proper instruction when given in connection with other instructions which properly define the crime charged. However, it should be pointed out that none of the instructions informed the jury that it must believe beyond a reasonable doubt that appellant's intoxication was causally connected with the death. In this case the State relied strongly on the fact that the proof showed that appellant was drunk at the time of the accident. In fact, without this evidence it is extremely doubtful that the State made a case for the jury. We are of the opinion that under the facts of this case the jury should have been informed that in order for the appellant's drunkenness to have constituted culpable negligence, it must have been causally connected with the accident and the resulting death. Without such an instruction the jury could have concluded that the fact appellant was drunk was sufficient for it to find that he was guilty of culpable negligence. Appellant was entitled to be protected against conviction on the mere circumstance of his being drunk at the time of the accident. Lee v. State, 192 Miss. 785, 7 So.2d 875 (1942).
*397 There is only one other error assigned which we think should be noticed. Appellant contends in his motion for a new trial that he was deprived of a fair trial because of the actions of A.B. Martin, acting sheriff, who was also one of the witnesses for the State. This matter was raised for the first time in the motion for a new trial, and testimony was taken relative to the facts concerning the incident. It is not necessary for us to determine whether this question was raised at the proper time and whether it constituted error. But it should be noticed in order that it will not arise again on another trial. The record reveals that a special venire was summoned to try this case. When the jury was being selected, and at the direction of the trial judge, Martin drew the names of the prospective jurors from five cigar boxes, each containing the names of the jurors from the five beats of the county. During the selection of the jury, Martin left the courtroom and went into the anteroom where the district attorney was passing on the jurors already called. The record is not clear as to whether the sheriff left the courtroom with the district attorney, but it does show that he went into the room where the district attorney and others were considering the jurors then in the box. The only information requested of the sheriff by the district attorney was the place of residence of prospective jurors. It is elemental that the district attorney may confer with anyone relative to prospective jurors, including law enforcement officers who are witnesses in the case. However, if such officer is to be conferred with, all care should be taken to see that the prospective jurors are not aware that the officer is interested in the selection of the jury. All we need say relative to this incident is to repeat what we said in Roberson v. State, Miss., 185 So.2d 667, 670 (1966):
The officers of a court, and especially the judge, district attorney and sheriff, because of the attributes of the offices they hold, unconsciously exert tremendous influence in the trial of a case, and they should be astutely careful so that unintentionally the jurors are not improperly influenced by their words and actions. Rogers v. State, 243 Miss. 219, 136 So.2d 331 (1962).
For the reasons stated, this case is reversed and remanded for a new trial.
Reversed and remanded.
ETHRIDGE, C.J., and JONES, PATTERSON and ROBERTSON, JJ., concur.