SMITH, Justice.
Sherman Hooper was indicted in the Circuit Court of the First Judicial District of Hinds County for forging and uttering a certain bank check in the amount of $248.00. He was tried, convicted and sentenced to serve a term of 7 years in the penitentiary. The present appeal is from that conviction and sentence.
Three grounds for reversal are assigned : (1) there was no proof of the several elements of the crime charged; (2) the court erred in denying appellant’s motion to strike testimony as to statements made by him to officers following his arrest; and, (3) it was error to refuse appellant’s request for a peremptory instruction to the jury to find him not guilty.
The evidence reflects that the alleged crime was committed about 5:00 o’clock on the afternoon of January 27, 1967, at the Delta Mart branch of Deposit Guaranty Bank in Jackson. At that time appellant presented to a teller of the bank the check described in the indictment and asked her “to see if it would pay.”
The teller, having ascertained that the purported maker had sufficient funds on deposit in the numbered account with which to pay the check, requested that appellant identify himself before giving him the money. He replied “I do not have any identification on me. I will go and get some if the check will pay.” The teller’s suspicions had become aroused and she left the window to consult a superior. When the teller returned, appellant had departed in his automobile but had neglected to take the check with him and had left it with the teller.
A police officer on duty near the window had noticed appellant and was close enough to overhear the conversation between appellant and the teller. When appellant left the teller’s cage without the check this officer suspected that something was amiss and wrote down appellant’s automobile license tag number. A “pickup order” was sent out from police headquarters. Pursuant to this order appellant was picked up by two officers and returned to the bank where he was identified by the teller and the police officer as the person who had presented the check.
Notwithstanding the fact that he informed the officers that he already knew his “constitutional rights” his rights were carefully explained to him in considerable detail before he was interrogated at police headquarters. Appellant told the officers that he had met a man named Benton while he and Benton were incarcerated in the Hinds County Jail and that Benton had asked him to call at Benton’s office when they should be out of jail.
After their release, according to appellant, he called at Benton’s office and was given the check in question by Benton who told him to cash it and that they would share the proceeds. Appellant also told the officers Benton kept stolen money orders in the attic of his office. Finally, appellant admitted that his purpose was to cash the check and share the money with Benton but that he had left when the check was shown to the police officer. After obtaining a search warrant for this attic the officers found, not the stolen money orders referred to by appellant but part of a piece of stationery on which were noted the names of the purported maker and payee of the check and their respective bank account numbers.
Upon the trial, the court conducted a full hearing out of the presence of the jury as to the admissibility of appellant’s statements to the officers. Upon the evidence adduced the court found that the statements were freely and voluntarily made after appellant’s rights, including his right to the appointment of counsel and his *21 right to remain silent were fully explained to him. The trial court correctly permitted this evidence to go to the jury.
The testimony of the purported maker of the check and owner of the account on which it was drawn was that he had neither made nor authorized the making of the check and the testimony of the purported payee was that he did not endorse it.
Appellant’s defense was an alibi which ran counter to the direct and positive evidence identifying him as the man who had presented the check.
Leaving aside the incriminating statements of appellant, the jury was warranted by the direct evidence as well as by the circumstances in evidence in finding that the check was a forgery (this is beyond dispute) and that appellant knew it to be a forgery. Proof that he presented it to the bank teller to “see if it would pay” is sufficient to support a finding of uttering and publishing and a fraudulent intent to obtain payment thereby. Coward v. State, 223 Miss. 538, 78 So.2d 605 (1955).
A concomitant of the act of forgery is the uttering of a forged instrument, which consists in offering to another the forged instrument with a knowledge of the falsity of the writing and with intent to defraud. * * * Generally, the mere offer of the false instrument with fraudulent intent constitutes an uttering or publishing, the essence of the offense being, as in the case of forgery, the fraudulent intent regardless of its successful consummation. 36 Am.Jur.2d Forgery § 20 (1968).
The verdict of the jury was warranted by the evidence and since there is no reversible error in the record the conviction must be affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and ROBERTSON, JJ„ concur.